UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HARVEST QUEST
INTERNATIONAL, INC,

        Plaintiff,

v.

GOLF SPECIALTIES, INC.,
a Florida corporation, and
WILLIAM HORNER, JR.,

        Defendants.
_____/

CASE NO.: 5:16-cv-451-OC-30PRL

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND INJUNCTIVE AND OTHER RELIEF

The plaintiff, Harvest Quest International, Inc. ("Harvest Quest"), sues the defendants, Golf Specialties, Inc. ("Golf Specialties") and William Horner, Jr. ("Horner"), for trademark infringement and injunctive and other relief, and alleges as follows:

### PARTIES AND JURISDICTION

1. The plaintiff, Harvest Quest International, Inc., is a Colorado corporation with its principal place of business located in Avon, Ohio.

2. Upon information and belief the defendant, Golf Specialties, Inc., is a Florida corporation with its principal place of business located at 1530 Ledgemont Lane, Clermont, Florida.

3. Upon information and belief the defendant, William Horner, Jr., is an individual having an office at 1530 Ledgemont Lane in Clermont, Florida, and is the sole shareholder, primary shareholder and/or controlling person of the defendant Golf Specialties, Inc.

4. This is an action for trademark infringement, unfair competition and injunction arising under the Lanham Act, 15 U.S.C. 1114(1) (trademark infringement and 1125(a) unfair competition), common law trademark infringement and breach of contract. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C §1338 and 15 U.S.C, §1121 related claim jurisdiction over the state and common law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C §1367.

## FACTUAL BACKGROUND

5. Harvest Quest is the owner of the trademark "COMAND," duly registered with the United States Patent and Trademark office as registration number 4,943,845 registered on April 26, 2016 in International Class 1 for compost. A copy of the trademark registration is attached as Exhibit A.

6. Harvest Quest has consistently used the COMAND trademark in commerce since November 30, 2012.

7. In late 2012 and early 2013, Harvest Quest authorized Golf Specialties, Inc. and Horner to use COMAND and to sell compost product associated with said trademark in exchange for the payment of a royalty pursuant to a verbal arrangement. Royalty payments were due monthly based on sales reports received.

8. The product sold under the COMAND mark is a specialty soil amendment developed specifically for use on turfgrass. It is derived from high-quality compost, created using a proprietary composting process, known as the MSAP Method. This unique process, developed by Harvest Quest, enhances the natural biological process of composting and results in optimal conditions for the proliferation of beneficial microbes. The COMAND product can be

utilize to enhance and improve existing soils prior to laying sod, as a topdressing for existing turf, or as a component of rootzone and divot mixes.

9. This arrangement continued until July 2014, when Golf Specialties stopped paying royalties and defaulted on the arrangement. Harvest Quest has contacted Golf Specialties on numerous occasions, pointed out the default and requested that the default be cured. In fact, in December 2014 Horner contacted Harvest Quest and promised to cure the default by year end but did not. Harvest Quest has heard nothing further from Horner or Golf Specialties.

10. As a consequence of Golf Specialties' default, its rights to use the COMAND trademark terminated.

11. On December 18, 2015 Harvest Quest, through its counsel, issued a cease and desist letter to Golf Specialties, a copy of which is attached as Exhibit B. Golf Specialties ignored the cease and desist letter.

12. On June 24, 2016, Harvest Quest, again through counsel, delivered another demand letter, requesting that Golf Specialties cease using COMAND and other curative action. A copy of the letter is attached as Exhibit C. Golf Specialties failed to respond to or comply with Harvest Quest's letter.

13. Without Harvest Quest's permission, the Golf Specialties and Horner continue to do the following: (a) using the COMAND mark on Golf Specialties' website website; (b) using the COMAND in advertising brochures; (c) selling product that bears COMAND mark that no longer contains the Harvest Quest inoculated compost or contains compost that is so outdated that Harvest Quest would not normally sell or warrant; and (d) marketing confusing and deceiving COMAND products that are materially different from those sold by Harvest Quest.

14. The continued use by Golf Specialties and Horner of the COMAND trademark dilutes Harvest Quest's mark and causes confusion in the marketplace as consumers likely believe they are buying product containing Harvest Quest inoculated compost when they are not. Golf Specialties and Horner are also improperly attributing their products as coming from Harvest Quest.

## COUNT I
### (Trademark Infringement Under the Lanham Act)

15. Harvest Quest incorporates by reference the allegations in Paragraphs 1 through 14.

16. The conduct of Golf Specialties and Horner constitutes infringement of the COMAND trademark and unfair competition with Harvest Quest. Such acts violate the trademark laws of the United States, and by reason thereof the defendants are liable for Trademark Infringement under 15 U.S.C. §1114.

17. Further, the defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Golf Specialties and Horner use, advertise, market, offer, sell, or distribute originate with or are authorized by Harvest Quest. The plaintiff and the public are damaged as a result of this confusion.

18. Upon information and belief, Golf Specialties and Horner acted with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Harvest Quest's business reputation.

19. At a minimum, the defendants acted with willful blindness to and in reckless disregard of the plaintiff's trademark.

20. In addition, because the defendants' infringement of the plaintiff's trademark was willful within the meaning of the Lanham Act, the award of damages and profits should be

4

trebled pursuant to 15 U.S.C. §1117(b). Alternatively, Harvest Quest is entitled to statutory damages under 15 U.S.C. §1117(a).

21. Harvest Quest is also entitled to recover its attorney fees and costs of suit pursuant to 15 U.S.C. §1117(a) because this is an exceptional case.

22. Unless Golf Specialties and Horner are enjoined and restrained by Order of this Court, Golf Specialties and Horner will continue the practices described above. Such conduct has caused great and irreparable damage to the reputation and goodwill of Harvest Quest and the continuation of said conduct will further cause damage to Harvest Quest. Harvest Quest will be irreparably damaged unless the Golf Specialties and Horner are enjoined from further infringement.

## COUNT II
### (Federal Unfair Competition Under 15 U.S.C. §1125(a))

23. Harvest Quest incorporates herein by reference the allegations in Paragraphs 1 through 14.

24. The defendants' use in commerce of the trademark COMAND violates Federal Trademark laws. The continued use of the mark is likely to cause confusion and mistaken deception among consumers.

25. The defendants' unfair competition has caused damage to Harvest Quest and will continue to do so, and is causing irreparable harm to Harvest Quest for which there is no adequate remedy at law.

26. The plaintiff alleges on information and belief that the defendants, by careful and considered planning, intentionally advertised and sold compost products in a package bearing the COMAND trademark on the internet and elsewhere so as to thereby confuse and deceive purchasers and to obtain acceptance of the defendants' product based on the merit, reputation

5

and goodwill of Harvest Quest and its products. The defendants' acts enable them to compete unfairly with Harvest Quest by palming off the defendants' products as those of Harvest Quest, all to Harvest Quest and the public's irreparable damage.

27. Accordingly, the defendants are liable for Federal Unfair Competition.

## COUNT III
### (Common Law Trademark Infringement)

28. Harvest Quest incorporates herein by reference the allegations in Paragraphs 1 through 14.

29. The defendants' use of the COMAND trademark constitutes willful infringement of the plaintiff's registered mark and is likely to, and was meant to, cause confusion and mistaken deception of the public, as to the source and origin of Harvest Quest's goods. The defendants' actions are causing irreparable harm to Harvest Quest, for which there is no adequate remedy at law.

30. Accordingly, the defendants are liable for Common Law Trademark Infringement available under §495.161 Florida statutes.

## COUNT IV
### (Breach of Contract)

31. Harvest Quest incorporates herein by reference the allegations in Paragraphs 1 through 14.

32. An enforceable contract exists between the plaintiff and Golf Specialties.

33. The defendant breached its contract with the plaintiff by failing to pay the agreed upon royalty and for goods and services. It is indebted to the plaintiff in the sum of $5,989.75 as set forth in the invoices attached as Exhibit D.

## COUNT V
### (Quantum Meruit/Unjust Enrichment)

34. Harvest Quest incorporates herein by reference the allegations of Paragraphs 1 through 14.

35. Alternatively, Golf Specialties and Horner owe Harvest Quest for goods and services pursuant to the theories of unjust enrichment and quantum meruit, the reasonable value of which is $5,989.75.

WHEREFORE, the plaintiff, Harvest Quest International, Inc., demands judgment in its favor and against the defendants, Golf Specialties, Inc. and William Horner, Jr., as follows:

a) A temporary, preliminary and permanent injunction against Golf Specialties and Horner, their officers, agents employees and attorneys and those persons in active participation with them, from infringing on Harvest Quest's trademark and trade dress and/or competing unfairly with Harvest Quest and specifically from employing the trademark COMAND and its trade dress in connection with the advertising and sales of compost products;

b) An accounting for and damages in profits arising from the defendants' infringement and unfair competition;

c) An order that all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic media or internet or website posts, brochures in possession of Golf Specialties and Horner bearing the infringing term COMAND or trade dress for said trade mark be delivered to the Court and destroyed;

d) Damages for all nonpaid royalties;

e) Harvest Quest's damages and the defendants' profits, pursuant to 15 U.S.C. §1117(a), trebled pursuant to 15 U.S.C. §1117(b), for the defendants' willful violation of the

plaintiff's registered trademark, or in the alternative, statutory damages, pursuant to 15 U.S.C. §1117(c), for each infringing trademark;

  f)  Judgment for unpaid invoices in the amount of $5,989.75;

  g)  Harvest Quest's attorney fees incurred in this action; and

  h)  Such additional relief as the circumstances warrant.

Respectfully submitted,

*/s/ Michael D. Crosbie*
MICHAEL D. CROSBIE (Trial Counsel)
Florida Bar No. 72575
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: 407-835-6796
Facsimile: 407-849-7275
Email: mcrosbie@shutts.com

*Attorneys for Plaintiff,*
*Harvest Quest International, Inc.*

ORLDOCS 14790567 1 44902.0001